**Paul and Helen BILDERBACK et al., Plaintiffs-Appellants,**

**v.**

**The CITY NATIONAL BANK & TRUST CO. OF COLUMBUS, Defendant-Appellee.**

No. 79–3380.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 17, 1980.

Decided Feb. 5, 1981.

Rehearing Denied April 1, 1981.

Freeman T. Eagleson, Columbus, Ohio, for plaintiffs-appellants.

Alan Briggs, Columbus, Ohio, for defendant-appellee.

Before LIVELY, Circuit Judge, and PHILLIPS and PECK, Senior Circuit Judges.

PER CURIAM.

Appellants filed this action against the appellee bank alleging violations of the Consumer Credit Protection Act, 15 U.S.C. § 1601, et seq.[1] and the Regulations issued by the Board of Governors of the Federal Reserve System, 12 C.F.R. 226. District Judge Robert M. Duncan granted the motion of the bank for summary judgment, holding that appellants were precluded on grounds of res judicata from bringing this action. The pertinent facts are set forth in the comprehensive opinion of Judge Duncan, *Agnew v. City National Bank & Trust Co. of Columbus,* 502 F.Supp. 760 (S.D.Ohio, 1979). We affirm.

■ Appellants were members of a class in an Ohio state court action which was settled by a consent decree determining issues relating to truth in lending along with many other claims growing out of the failure of a real estate development. Appellants contend that the judgment in the State court class action was procured by fraud and collusion. However, appellants took no steps in the State court to have the judgment in that court set aside for fraud or collusion. Neither did they appeal the order of the State court denying their motion to be removed from the class. The present action is a collateral attack on the State court judgment.

■ It also is argued by appellants that summary judgment was improper because they were prevented from completing discovery. We find this contention to be without merit. It is the law of this Circuit that "Prior to deciding ... a factual issue by means of summary judgment, a district court must provide both parties an opportunity to conduct some discovery." *Vega v. First Federal Savings & Loan Association of Detroit,* 622 F.2d 918, 926 (6th Cir. 1980). The record discloses that the district court entered no order limiting discovery by the appellants. The bank's motion for summary judgment was filed November 29, 1977. The district court granted the motion on February 28, 1979. During the period of more than a year while the motion for

1. Also popularly known as the "Truth in Lending Act."

summary judgment was pending, the appellants had ample opportunity to conduct discovery.

We conclude that the district court did not err in declining to relitigate the Consumer Credit Protection Act issues, which were decided adversely to appellants in the State court action, and correctly dismissed on grounds of res judicata.

Affirmed.