Robert T. HOOVER, Plaintiff,

v.

HOLSTON VALLEY COMMUNITY HOSPITAL, et al., Defendants.

No. CIV-2-81-74.

United States District Court, E. D. Tennessee, Northeastern Division.

Aug. 25, 1981.

John S. McLellan, Kingsport, Tenn., for plaintiff.

Edwin O. Norris, William C. Bovender and Douglas S. Tweed, Kingsport, Tenn., for defendants.

## MEMORANDA OPINIONS AND ORDERS

NEESE, District Judge.

This action appears to present yet " * * * another variety of the ever-increasing attempts to get into Federal Court by labelling real or imagined wrongs as deprivations of Civil Rights guaranteed by the United States Constitution. * * * " *Place v. Shepherd,* C.A. 6th (1971), 446 F.2d 1239, 1240. The plaintiff asks this Court to award him $1,750,000 in damages for his alleged " * * * constructive termination * * * " from his position as comptroller of the defendant hospital, a job paying him an annual salary of $37,600.

Initially, the plaintiff is faced with the rule—the right of employment, and its redress, when invaded, is not a federal civil-right, but exclusively within the domain of the state. *Ibid.,* 446 F.2d at 1246[4].[1] Nonetheless, Mr. Hoover appears to claim that the defendants, while acting under color of Tennessee law,[2] deprived

---

1. *Accord Bishop v. Wood, infra,* 426 U.S. at 349, 96 S.Ct. at 2079, 48 L.Ed.2d at 693[7].

2. The plaintiff appears to be attempting to assert a claim arising under the provisions of 42 U.S.C. § 1983. Under that statute, two allegations are required in order to state a cognizable claim: " * * * First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law. * * * " *Go-*

mez v. Toledo (1980), 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572, 577[4].

The plaintiff does not allege that any defendant herein was acting at the pertinent times under color of state or territorial law. He does aver that the defendant hospital " * * * is a public non-profit hospital organized as such and funded by public funds, both state and federal, and constitutes a governmental entity. * * * " Even if the defendant hospital were fully owned and operated by the state of Ten-

him, a citizen of the United States, of his right to due process of law, Constitution, Fourteenth Amendment, by denying him " * * * the opportunity of a hearing for the purpose of clearing his name with respect * * * " to the false reasons which formed the basis for his forced resignation. *Cf. generally Board of Regents v. Roth* (1972), 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548, and *Bishop v. Wood* (1976), 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684.

A magistrate of this district recommended, 28 U.S.C. § 636(b)(1)(B), that the motion of the plaintiff, for leave to amend his complaint, be granted; that the motion of the defendants, for a summary judgment, be denied; and that any claim of the plaintiff under the provisions of 42 U.S.C. § 1985(3) be dismissed *sua sponte* for the failure of the plaintiff to state a claim thereunder upon which relief can be granted. Having made a *de novo* determination of those portions of the foregoing recommendations, to which a timely written objection was served and filed, the undersigned hereby ACCEPTS each such recommendation. 28 U.S.C. § 636(b)(1)(C); *United States v. Raddatz* (1980), 447 U.S. 667, 673–75, 100 S.Ct. 2406, 2411–12, 65 L.Ed.2d 424, 431–432[2].

The motion of the plaintiff for leave to amend his complaint hereby is

GRANTED. Rule 15(a), Federal Rules of Civil Procedure; *Foman v. Davis* (1962), 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 226 (headnotes 5, 6, 7).

The motion of the defendants to strike, or, alternatively, to dismiss such amendment, hereby is

DENIED.

The ground urged in support of the motion for summary judgment is that at all pertinent times the "state action" required under the Constitution, Fourteenth Amend-

ment, was lacking.[3] Even with the supplemental affidavit submitted by the defendants in support of their objections to the recommendation of the magistrate, the Court is of the opinion that the magistrate recommended correctly that final resolution of this issue be left *for a later time* after further development of the salient facts. Rule 56(c), Federal Rules of Civil Procedure, permits summary judgment only if there are no material issues of fact and the record shows that the moving party is entitled to judgment as a matter of law. *Lashlee v. Sumner*, C.A. 6th (1978), 570 F.2d 107, 111[6].

The rule is well-settled in this Circuit that a trial judge should be slow to dispose of an action of any complexity on such a motion. *United States v. Lowell*, C.A. 6th (1977), 557 F.2d 70, 72[4]; *Board of Ed., Cincinnati v. Department of H. E. W.*, C.A. 6th (1976), 532 F.2d 1070, 1071[2]. Where, as here, the Court is called upon to decide questions of constitutional law without the benefit of a trial, the adequacy of the record is particularly important. *Felix v. Young*, C.A. 6th (1976), 536 F.2d 1126, 1134[13]; *Smith v. City of Manchester*, D.C. Tenn. (1978), 460 F.Supp. 30, 36[12].

The motion of the defendants implicates a complex issue of constitutional law. " * * * Only by sifting facts and weighing circumstances can nonobvious involvement of the State in private conduct be attributed its true significance. * * * " *Burton v. Wilmington Parking Authority* (1961), 365 U.S. 715, 722, 81 S.Ct. 856, 860, 6 L.Ed.2d 45, 50. As a general rule, the weighing of factual matters is not appropriate on a motion for summary judgment. *See United States v. Articles of Device, Etc.*, C.A. 6th (1976), 527 F.2d 1008, 1011[2, 3]. Nevertheless, the issue of "state action" may be resolved on such a motion if the undisputed facts of record are " * * * in

nessee, such would not make all the actions performed by its officers "under color of law" within the purview of 42 U.S.C. § 1983. *Place v. Shepherd, supra*, 446 F.2d at 1245[2].

**3.** " * * * In cases under § 1983, 'under color' of law has consistently been treated as the

same thing as the 'state action' required under the Fourteenth Amendment. * * * " *United States v. Price* (1966), 383 U.S. 787, 794, 86 S.Ct. 1152, 1157, 16 L.Ed.2d 267, 272 n. 7[5], citing *inter alia Smith v. Holiday Inns*, C.A. 6th (1964), 336 F.2d 630.

sufficient detail * * *." *Burton v. Wilmington Parking Authority, supra; see Berrios v. Memorial Hospital, Inc.,* D.C. Tenn. (1975), 403 F.Supp. 1222 (parties stipulated all facts deemed determinative and ample time was allowed for the presentation of any disputed facts).

■ The record herein does not appear not to be developed to an extent that the Court could make an intelligent determination of whether the required "state action" was present. Where a case is such that a full inquiry into the facts is advisable for the purpose of clarifying the application of the law, summary judgment is not appropriate. *Smith v. City of Manchester, supra,* 460 F.Supp. at 36[12]. The parties must be given an ample opportunity to conduct discovery on the "state action" issue before summary judgment would be proper. *See Bilderback v. City National Bank & Trust Co.,* C.A. 6th (1981), 639 F.2d 331, 332.

■ Additionally, there exists the possibility that this action might be disposed of pretrial on grounds other than the rather complex issue of "state action".[4] The threshold question in every civil-rights action is whether the plaintiff has alleged facts, which if accepted as true, would amount to the deprivation of some right secured him by the Constitution or laws of the United States. *See Martinez v. California* (1980), 444 U.S. 277, 284, 100 S.Ct. 553, 558, 62 L.Ed.2d 481, 488–489[9].

" * * * Even if there is 'state action', the ultimate inquiry in a Fourteenth Amendment case is, of course, whether that action constitutes a denial or deprivation by the State of rights that the Amendment protects. * * *" *Flagg Brothers, Inc. v. Brooks* (1978), 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185, 193, n. 4. This Court questions whether the facts alleged herein by the plaintiff, if accepted as true, would amount to the denial or deprivation by the defendants of any right he had or has to due process of law, Constitution, Fourteenth Amendment.

" * * * [T]he hearing required where a nontenured [public] employee has been stigmatized in the course of a decision to terminate his employment is solely 'to provide the person an opportunity to clear his name.' * * * " *Codd v. Velger* (1977), 429 U.S. 624, 627, 97 S.Ct. 882, 884, 51 L.Ed.2d 92, 96–97. The Supreme Court flatly " * * * rejected the theory that the mere fact of dismissal, absent some publicizing of the reasons for the action, could amount to a stigma infringing one's liberty * * *." *Board of Curators, Univ. of Mo. v. Horowitz* (1978), 435 U.S. 78, 83, 98 S.Ct. 948, 952, 55 L.Ed.2d 124, 131.

■ Consequently, even where "state action" is present, a due-process hearing is required only when the employer has disclosed to the public the allegedly false charges made against the discharged employee. *Bishop v. Wood, supra,* 426 U.S. at 348, 96 S.Ct. at 2079, 48 L.Ed.2d at 692; *Sullivan v. Brown,* C.A. 6th (1976), 544 F.2d 279, 383, n. 3. " * * * Only if the employer creates and disseminates a false and defamatory impression about the employee in connection with his termination is such a hearing required. * * * " *Codd v. Velger, supra,* 429 U.S. at 628, 97 S.Ct. at 884, 51 L.Ed.2d at 97[2]. Furthermore, in this Circuit, the employer must also have " * * * voluntarily [emphasis provided] disseminated the allegedly false information * * *," and if the reasons for the discharge become public for some other reason, no hearing is necessary. *Kendall v. Board of Ed. of Memphis City,* C.A. 6th (1980), 627 F.2d 1, 5[5].

■ The plaintiff has not alleged that, in connection with his discharge,[5] any defendant created and disseminated voluntarily and to the public a false and defamatory impression about him, so as to have entitled him to a predismissal due-process hearing.

---

4. Complex issues of constitutional law must be avoided if the case may be disposed of on some other ground. *Rescue Army v. Municipal Court* (1947), 331 U.S. 549, 569, 67 S.Ct. 1409, 1419, 91 L.Ed. 1666, 1678 (headnote 2).

5. For the present purposes, the Court will assume that a constructive-termination or forced-resignation is the equivalent of a discharge.

Instead, the whole thrust of Mr. Hoover's complaint is felt to be, that the defendants refused to reveal to *anyone*, including himself, the reasons why they asked for his resignation. If that is so, then, obviously, the plaintiff was not entitled to a due-process hearing for the purpose of clearing his name, and any refusal to give him such a hearing could not have deprived him of his right to due process of law.

The plaintiff appears also to complain that the defendants erred in terminating his employment, in that they lacked good cause therefor. That, however, is a question which cannot be raised in this Court under the guise of a civil-rights action. It is not the role of this Court to set-aside personnel decisions which it may view as lacking a basis in wisdom or compassion. *Wood v. Strickland* (1975), 420 U.S. 308, 326, 95 S.Ct. 992, 1003, 43 L.Ed.2d 214, 227[8], rehearing denied (1975), 421 U.S. 921, 95 S.Ct. 1589, 43 L.Ed.2d 790.

This Court has no power to substitute its judgment for that of the defendants, *see Whitsel v. Southeast Local School District*, C.A. 6th (1973), 484 F.2d 1222, 1229[4]. The reasons for Mr. Hoover's discharge and their adequacy or accuracy " * * * are matters of state law, not federal constitutional law. * * * " *Ryan v. Aurora City Bd. of Ed.*, C.A. 6th (1976), 540 F.2d 222, 229[8], certiorari denied (1977), 429 U.S. 1041, 97 S.Ct. 741, 50 L.Ed.2d 753. Remedy for these types of claims must be sought in state court. *See Baker v. McCollan* (1979), 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433, 443[11, 12].

The motion of the defendants for a summary judgment, accordingly, hereby is

DENIED. Rule 56(c), Federal Rules of Civil Procedure.

The plaintiff objected to the recommendation of the magistrate that his claim under 42 U.S.C. § 1985(3), *supra*, be dismissed *sua sponte* for its failure to state a claim upon which relief can be granted. The plaintiff appears to contend that this Court should overrule the United States Supreme Court in so far as it held that a cognizable claim under 42 U.S.C. § 1985(3) must allege " * * * some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. * * * " *Griffin v. Breckenridge* (1971), 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338; *see Browder v. Tipton*, C.A. 6th (1980), 630 F.2d 1149, 1150[1]. This Court declines any such invitation so to do.

The decisions of the United States Supreme Court, whether right or wrong, are supreme; they are binding on all the courts of this land. *Jordan v. Gilligan*, C.A. 6th (1974), 500 F.2d 701, 707[9], certiorari denied (1975), 421 U.S. 991, 95 S.Ct. 1996, 44 L.Ed.2d 481. " * * * This Court has no authority to question a decision of the Supreme Court * * * ." *Manning v. Palmer*, D.C.Ariz. (1974), 381 F.Supp. 713, 715[1]. Nevertheless, the ruling herein will pave the way for the plaintiff to provide the Supreme Court with an opportunity to correct the error it supposedly made in *Griffin v. Breckenridge, supra.*

The claim of the plaintiff herein based on the provisions of 42 U.S.C. § 1985(3) hereby is

DISMISSED *sua sponte* for failure to state a claim upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure.